IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GARY STEVE LIFSEY and SHERRY M. LIFSEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 3:26-cv-81-JTA<br>) (WO) |
| WAL-MART STORES EAST, LP, and WALMART, INC., | )<br>)<br>) |
| Defendants. | ) |

# **ORDER**

Before the court is the Notice of Removal filed by Defendants Wal-Mart Stores East, LP, and Walmart, Inc. (Doc. No. 1.) Defendants removed the action based on diversity jurisdiction, but the Notice of Removal fails to establish the existence of complete diversity.[1] Specifically, Defendants fail to properly establish the citizenship of Wal-Mart Stores East, LP. Defendants allege Wal-Mart Stores East, LP, is a citizen of Arkansas for the following reasons:

> Wal-Mart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner, both of which are Delaware limited liability corporations. The sole member of WSE Management, LLC and WSE Investment, LLC is <u>Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Inc. (formerly known as Wal-Mart Stores, Inc.). The principal place of business for all of</u>

---

[1] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

> the aforementioned entities mentioned is Bentonville, Arkansas. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Walmart is therefore deemed a citizen of the State of Arkansas.

(Doc. No. 1 at 3 ¶ 8 (emphasis added).)

By filing the notice of removal, Defendants elected to defend this action in this court. Therefore, Defendants bear the burden of establishing the existence of diversity jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."). "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *See id*. Thus, to properly allege an LLC's citizenship, Defendants must name each of its members and state each member's place of citizenship. If any of its members is a limited liability entity, Defendant must identify and allege the citizenship of each member of that limited liability entity, and so forth. Here, Defendants fail to properly allege the citizenship of Wal-Mart Stores East, LP's[2] limited and general partners' sole member, Wal-Mart Stores East, LLC, because they do not state the name and citizenship of each of Wal-Mart Stores East, LLC's members.

---

[2] "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens*, 374 F.3d at 1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). Consequently, for a limited liability partnership, Defendant must identify each partner and allege the citizenship of each of them.

Instead, Defendants allege Wal-Mart Stores East, LLC is "an Arkansas limited liability company whose parent company is Walmart Inc.,"[3] and whose "principal place of business . . . is Bentonville, Arkansas." Place of incorporation, principal place of business, and the like are useless for establishing citizenship where a limited liability entity is concerned. *Rolling Greens*, 374 F.3d at 1022. Furthermore, "parent company" is not necessarily synonymous with "member" or "sole member." Hence, the court cannot presume an allegation regarding the identity or citizenship of Wal-Mart Stores East, LLC's parent company is sufficient to establish the citizenship of each of Wal-Mart Stores East, LLC's members (or, by extension, the existence of diversity jurisdiction). *Cf. Post v. Biomet, Inc.*, No. 3:20-cv-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) ("[M]embership, not ownership, . . . is critical for determining the citizenship of an LLC." (collecting cases)).

Accordingly, and in accordance with the Court's "obligat[ion] to inquire into its jurisdiction at the earliest possible opportunity," *Youngblood v. Bradford*, No. 2:22-cv-386-JTA, 2024 WL 1143501, at *4 (M.D. Ala. Mar. 15, 2024) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)), it is ORDERED as follows:

1. **On or before February 20, 2026,** Defendants shall show cause why this action should not be remanded for failure to establish diversity jurisdiction.

    **On or before February 27, 2026,** Plaintiffs Gary Steve Lifsey and Sherry M. Lifsey shall file a response.

---

[3] Defendants allege Walmart, Inc. "is a Delaware corporation with its principal place of business in Bentonville, Arkansas." (Doc. No. 1 at 3 ¶ 7.)

2. **On or before February 20, 2026,** Defendants shall file an amended notice of removal properly alleging diversity of citizenship.

*Failure to timely comply with this Order will result in remand for failure to establish the existence of subject matter jurisdiction.*

DONE this 10th day of February, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE